FILED
SUPERIOR COURT
OF GUAM

2025 OCT 21 PH 2: 17

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JUANITA MARIE TENORIO,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL JOSEPH HEALY,<br><br>Defendant. | DOMESTIC CASE NO. DM0436-22<br><br><br><br>**DECISION AND ORDER** |
| PAUL JOSEPH HEALY,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>JUANITA MARIE TENORIO,<br><br>Counterclaim-Defendant. | |

**INTRODUCTION**

This matter came before the Honorable Arthur R. Barcinas on July 22, 2025, upon Plaintiff Juanita Tenorio's ("Plaintiff") Third Ex Parte Request for an Order of the Return of Community Property, Temporary Restraining Order, and Preliminary Injunction. Plaintiff is represented by Attorney Christine C. Arriola. Defendant Paul Joseph Healy ("Defendant") is represented by Attorney Daniel J. Berman. Having considered the parties briefs and oral arguments the Court issues this Decision and Order.

## BACKGROUND

On December 12, 2022, Plaintiff filed a Verified Complaint for Divorce seeking an immediate Interlocutory and Final Decree of Divorce against the Defendant. *See,* Compl. (Dec. 12, 2022). Plaintiff requests that all community assets be awarded to her or alternatively that the community assets and debts are distributed by the Court at trial, to be awarded attorney fees and costs of suit, and to be awarded spousal support or alimony temporarily and permanently. *Id.* at 3.

Plaintiff filed an Ex Parte Motion on September 25, 2024, seeking the return of funds from the joint Fidelity Account No. -666 and a Temporary Restraining Order (TRO) and Preliminary Injunction to prevent Defendant from disposing of marital property. *See,* Ex Parte Mot. (Sep. 25, 2024). Plaintiff asserts that she is entitled to 50% of the funds ($171,448.71) and that the joint account constitutes marital property with right of survivorship. *Id.* Defendant asserts that the funds in Account No. -666 were derived solely from gifts and inheritance from the Gretchen Healy Revocable Trust and therefore constitute his separate property. *See,* Opp'n. (Sep. 26, 2024). Defendant argues no contributions or enhancements were made by Plaintiff to the account and that any withdrawal or titling of the account as joint does not alter its separate property character. *Id.*

The matter came before the Honorable Judge John C. Terlaje on October 1, 2024, for a hearing on Plaintiff's Ex Parte Motion. After hearing the arguments, Judge Terlaje granted the motion and ordered Defendant to return one-half of the withdrawn funds—$171,448.71—to Plaintiff. *See,* Min. Entry (Oct. 1, 2024). The following day, on October 2, 2024, Defendant filed an Objection to Judge Terlaje's Order, asserting that the Judge had indicated familiarity with Plaintiff. *See,* Verified Objection to Competency of Judge Pursuant to 7 GCA §6105 and

§6107 (Oct. 2, 2024). Judge Terlaje clarified that he had mistaken Plaintiff for another individual, after which he continued proceedings. Judge Terlaje subsequently recused himself, and the matter was reassigned to this Court.

On May 15, 2025, Plaintiff filed a Third Ex Parte Request for an Order of the Return of Community Property, Temporary Restraining Order, and Preliminary Injunction, seeking enforcement of Judge Terlaje's October 1 order directing Defendant to return $171,448.71 to Plaintiff. *See,* Plaintiff's Third Ex Parte Request for an Order of the Return of Community Property, (May 16, 2025).

On July 22, 2025, both parties agreed to the Court's review of the initial briefs filed by the parties in making the determination of Plaintiff's Third Ex Parte Request for an Order of the Return of Community Property. *See,* Min. Entry (July 22, 2025). The parties agreed that the present motion would be considered on its merits and that the Court's review would not rely on or be constrained by any prior oral ruling or action taken by Judge Terlaje during earlier proceedings. *Id.* Both parties acknowledged that the Court's determination would rest exclusively on the legal and factual arguments presented in the existing written submissions and the applicable law. *Id.*

## ARGUMENT

The Court's analysis herein is independent of any prior judicial orders, comments, or determinations previously made in this matter. The Court's decision is based entirely upon the briefs, evidence, and authorities submitted by the parties and the governing provisions. The Court will reach its decision on review of the parties' briefs and not on Judge Terlaje's prior order. The Court will analyze whether injunctive relief is proper under Title 7 of the Guam Code Annotated ("GCA") § 20302. The Court will first examine whether Plaintiff has

demonstrated irreparable harm and then assess whether Plaintiff is likely to prevail on the merits of her claims. If the Court finds that Plaintiff has shown both irreparable harm and the likelihood to succeed on the merits of her claims the Court will order the return of funds from the joint Fidelity Account No. -666.

## I.      Ex Parte Injunctive Relief Is Proper.

7 GCA § 20302 states that an injunction may be granted when it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually; when it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action; when it appears during the litigation that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual; when pecuniary compensation would not afford adequate relief; where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief; where the restraint is necessary to prevent a multiplicity of judicial proceedings; where the obligation arises from a trust. In order to grant a preliminary injunction, it is necessary that the movant show: 1) irreparable injury and 2) likelihood of success on the merits. *Carlson v. Guam Telephone Authority*, 2002 Guam 15 ¶ 8.

The trial court determines whether property owned by the parties is characterized as separate property or community property. *Hart v. Hart,* 2008 Guam 11 ¶ 24. Under 19 GCA § 6105(a) property acquired during the marriage by either spouse is presumed to be community property. The spouse asserting the separate character of property acquired during the marriage

has the burden of overcoming this presumption. *Kloppenburg v. Kloppenburg,* 2014 Guam 5 ¶ 23. Whether or not the presumption of community property is overcome is a question of fact for the trial court. *Id.* at 23. Under 19 GCA § 6101(a)(6), separate property includes property acquired by either spouse by gift, bequest, devise, or descent. Under 19 GCA § 6101(b) community property is property acquired by either spouse during marriage which is not separate property. Since the statutes governing Guam law of community property, 19 GCA § 6101–6114, were adopted from the California Civil Code, California cases pertaining to community property and interpreting like statutes are persuasive authority. Separate property may become community property by the process of commingling in such a manner as to make segregation impossible, thus requiring the application of the presumption that it is community property. *Pack v. Vartanian,* 232 Cal.App.2d 466, 472, 42 Cal.Rptr. 729 (1965).

Plaintiff argues she will suffer irreparable injury since the Defendant may take further action to dissipate, hide, or dispose of marital assets to the detriment of Plaintiff. *Id.* at 6. Plaintiff also asserts that she is likely to succeed on the merits as the joint Fidelity Account clearly identifies both parties as account owners with the right of survivorship, and the funds can be traced back to another account jointly owned by the parties during their marriage. *Id.* at 7. Defendant opposes the motion and contends that the Fidelity Brokerage Account is his separate property under 19 GCA § 8411(a). *Id.* Defendant asserts that the account was funded exclusively by his inheritance through the Gretchen Healy Revocable Trust and that Plaintiff has failed to produce evidence showing community contributions or deposits. *Id.*

Here, the Court finds that injunctive relief is proper under 7 GCA § 20302. The record shows that Defendant unilaterally withdrew approximately $340,000.00 from the parties' joint Fidelity Account No. –666, depriving Plaintiff of access to funds that were used during the

marriage. The account was held jointly in both parties' names and actively utilized throughout the marriage, creating a presumption that it is community property under 19 GCA § 6105(a). Although Defendant maintains that the account was funded solely from his inheritance and is therefore separate property, the record indicates that the alleged inherited funds were deposited into a joint account under both parties' names. Under these circumstances, the Court finds that commingling might have occurred, making it unclear whether the funds retained their separate character. Because the funds are intertwined with marital assets and the amount attributable to each spouse cannot be presently determined, judicial intervention is necessary to preserve the property and prevent further dissipation. For these reasons, the Court concludes that injunctive relief is proper to prevent irreparable harm and to maintain the marital assets between the parties pending final adjudication.

The Court finds that the return of one-half of the withdrawn funds, totaling $171,448.71, to Plaintiff is proper. This ensures Plaintiff retains equal access to the marital estate pending the Court's final determination on property characterization at trial. Ordering the return of the funds does not constitute a final adjudication of ownership but merely maintains the integrity of the disputed property and prevents its dissipation or concealment. Plaintiff is prohibited from spending, transferring, or otherwise dissipating any funds withdrawn from the Fidelity Brokerage Account until a final determination of property characterization and distribution is made by the Court.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Third Ex Parte Motion Request for an Order of the Return of Community Property, Temporary Restraining Order, and Preliminary Injunction and orders the return of $171,448.71, to Plaintiff. Plaintiff is prohibited

from spending, transferring, or otherwise dissipating any funds withdrawn from the Fidelity Brokerage Account until a final determination of property characterization and distribution is made by the Court. The funds will be deposited in the Arriola trust account.

**IT IS SO ORDERED** _____OCT 2 1 2025_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**